# Exhibit A

Center for Disability Access
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Amanda Seabock, Esq., SBN 289900
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Michelle Uzeta, Esq., SBN 164402
uzetalaw@gmail.com
michelleu@potterhandy.com
710 S. Myrtle Ave., #306
Monrovia, CA 91016
Ph: (626) 765-7625

Attorneys for Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**03/02/2021** at 11:50:03 AM
Clerk of the Superior Court
By Elizabeth Reyes, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

SAN DIEGO COUNTY

| | |
|---|---|
| **Travis Morgan**, <br><br> Plaintiff, <br><br> v. <br><br> **Little Caesar Enterprises, Inc.; R & B Pizza, Inc.,** and Does 1-10, <br><br> Defendants. | **Case No.** 37-2021-00008917-CU-CR-CTL <br><br> **Complaint for Damages and Injunctive Relief for Violations of**: <br><br> 1. California's Unruh Civil Rights Act, Cal. Civ. Code §51 et seq.; and <br> 2. Title III of the American's With Disabilities Act, 42 U.S.C. §12182 et seq.; <br><br> Amount demanded exceeds $10,000 <br><br> *[Plaintiff's Claims are not related to a construction-related barrier as defined by Cal. Civ. Code § 55.3]* |

1

Complaint

Plaintiff Travis Morgan alleges the following upon information and belief based upon investigation of counsel, except as to his own acts, which he alleges upon personal knowledge:

**INTRODUCTION**

1. Plaintiff Travis Morgan ("Plaintiff") is a blind[1] person who requires screen-reading software to read website content using his computer.

2. Plaintiff brings this civil rights lawsuit against Defendants Little Caesar Enterprises, Inc., R & B Pizza, Inc. and Does 1-10, inclusive ("Defendants"), operating as Little Caesars, for their failure to design, construct, maintain and operate the Little Caesars' website to be fully accessible to and independently usable by Plaintiff and other blind or visually-impaired people.

3. Defendants' failure to provide Plaintiff with full and equal access to the Little Caesars' website and resulting failure to provide Plaintiff with full and equal access to the goods, services, facilities, privileges, advantages, or accommodations offered at Little Caesars' brick and mortar pizzeria locations, is a violation of Plaintiff's rights under California's Unruh Civil Rights Act ("Unruh Act") and the Americans with Disabilities Act ("ADA").

---

[1] Plaintiff uses the terms "blind" or "visually-impaired" to refer to all people with visual impairments who meet the legal definition of blindness in that they have either (1) A visual acuity of 20/200 or less in the better-seeing eye with best conventional correction (meaning with regular glasses or contact lenses); and/or (2) a visual field (the total area an individual can see without moving the eyes from side to side) of 20 degrees or less (also called tunnel vision) in the better-seeing eye.. Some blind people who meet this definition have limited vision. Others have no vision.

4. As a direct and proximate result of Defendants' discriminatory acts and omissions, Plaintiff has suffered, and will continue to suffer, damages.

5. Through this lawsuit, Plaintiff seeks declaratory relief and a permanent injunction requiring Defendants to take the steps necessary to provide him "full and equal" access to the Little Caesars' website and to the goods, services, facilities, privileges, advantages, or accommodations offered through Little Caesars' brick and mortar locations as required by law. Plaintiff also seeks damages and his reasonable attorneys' fees, costs and litigation expenses.

## PARTIES

6. Plaintiff is, and at all times relevant herein was, an individual, citizen of California and resident of San Diego County.

7. Defendant Little Caesar Enterprises, Inc. is, and at all times relevant herein was, a Michigan Corporation doing business in the State of California as Little Caesars.

8. Defendant R & B Pizza, Inc. is, and at all times relevant herein was, a California corporation doing business in the State of California as a franchisee of Little Caesars Enterprises, Inc.

9. Plaintiff is currently unaware of the true identities of DOES 1-10, inclusive, and will seek leave to amend when their true names, capacities, connections, and responsibilities are ascertained.

10. Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was

at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

## JURISDICTION & VENUE

11. This is an action for declaratory and injunctive relief and statutory damages under the Unruh Act, Cal. Civ. Code § 51 et seq. and an action for declaratory and injunctive relief under Title III of the ADA, 42 U.S.C. §12182 et seq. This Court has jurisdiction over the claims alleged herein pursuant to California Civil Code, §§ 51 and 52 and Code of Civil Procedure § 410.10.

12. This Court has personal jurisdiction over Defendants because they have conducted and continue to conduct substantial business in the State of California, County of San Diego, and Defendants' offending website is available throughout California.

13. The amount in controversy is within the jurisdiction of this Court.

14. Venue is proper in San Diego County pursuant to Section 395.5 of the California Code of Civil Procedure because liability arises in San Diego County. Defendants have committed the acts alleged herein in San Diego County; have violated the rights of persons with disabilities in San Diego County; and have caused injury to persons with disabilities in San Diego County.

Complaint

## FACTUAL ALLEGATIONS

15. Defendant Little Caesar Enterprises Inc. (hereinafter "LCE"), doing business as Little Caesars, is a large pizza chain that operates and franchises pizza restaurants in the United States and internationally in Asia, the Middle East, Canada, Latin America and the Caribbean.

16. LCE owns, operates, leases and/or franchises the Little Caesars pizzeria located at 6074 El Cajon Boulevard, Suite B, in the City of San Diego, California (hereinafter "El Cajon Pizzeria").

17. Defendant R & B Pizza, Inc. is the owner, operator and/or lessee of the El Cajon Pizzeria and a franchisee of LCE.

18. Plaintiff has visual impairments resulting from Retinitis Pigmentosa a genetic disorder of the eyes causing retinal degeneration.

19. Plaintiff is substantially limited in his ability to see and meets the legal definition of "blindness" (i.e., visual acuity with correction of less than or equal to 20 x 200 and/or a visual field of 20 degrees or less).

20. Plaintiff cannot use consume web-based content without the assistance of screen reading software. ("SRS").

21. Plaintiff is proficient with and utilizes SRS programs including VoiceOver and Zoomtext.

22. Use of SRS is currently the only way Plaintiff can fully and independently access the internet and consume web-based content.

23. For SRS to function, the information on a website must be capable of being rendered into text.

24. If a website's content is not capable of being rendered into text, a blind or visually-impaired user like Plaintiff is unable to access and navigate the same content that is available to sighted users.

25. Since at least August 2020, Defendants have owned, operated and/or controlled the content of the website located at the following web

address: https://littlecaesars.com/en-us/ (hereinafter "the Website").

26. On information and belief, the Website is not currently monitored or maintained by an accessibility compliance company.

27. The Website is heavily integrated with Little Caesars' brick and mortar pizzerias, including the El Cajon Pizzeria.

28. The Website connects members of the public to the goods and services of Little Caesars' brick and mortar pizzerias, including the El Cajon Pizzeria.

29. On the Website, individuals can, among other things, obtain information about the location and open/closed status of Little Caesars' brick and mortar locations, peruse Little Caesars' menu and the nutritional value of the same, create a customer account, place food and drink orders for delivery and pickup, avail themselves of discounts and specials, complete surveys, and purchase gift cards and merchandise.

30. On approximately seven occasions within the last 18 months, including but not limited to September 2, 2020 and September 23, 2020, Plaintiff visited the Website seeking information regarding pizza specials and to peruse the ordering menu. Plaintiff had the intent on each of these occasions to purchase food from the El Cajon Pizzeria. When Plaintiff attempted to navigate the Website, he encountered numerous accessibility design faults that prevented him from navigating, understanding, interpreting and operating the Website successfully using SRS.

31. Specifically, Plaintiff encountered images and icons that were not visible to his SRS. Plaintiff was unable to determine the content of the website and found it completely unusable for gathering information about the food and other items for sale and the specials that were available. Plaintiff was unable to select, order and purchase items from the El Cajon Pizzeria on all these occasions.

Complaint

32. Investigation into Plaintiff's experience confirmed the barriers he encountered and revealed additional barriers to the Website, including, but not limited to:

    a. Non-text content (images, graphs, icons, figures) on the Website does not have a text alternative that accurately represents the visual content displayed. Without proper text equivalents to describe visual content, blind and visually impaired individuals including Plaintiff are unable to successfully understand and interpret non-text content using SRS.

    b. User interface components do not include programmatic information that is compatible with assistive technologies. Without accurate programmatic information, blind and visually impaired individuals including Plaintiff encounter unpredictable components that render them unable to successfully complete required tasks.

33. Due to the above barriers, Plaintiff and others who are blind or visually impaired are unable to:

    a. Interpret visual content on the Website;

    b. Interpret or understand the visual content that is represented by the Website's shopping bag;

    c. Interpret or understand the "no-contact steps to get your pizza" instructions on the Website; and

    d. Interpret or understand the input field for delivery address on the Website.

34. The above-described barriers are ongoing and continue to exist as of the date of the filing of this Complaint.

35. Plaintiff personally encountered the above-described

accessibility barriers and/or has actual knowledge of them.

36.     Given the nature of the barriers alleged herein, Plaintiff alleges, on information and belief, that there are other barriers to the Website that relate to his disability and would prevent his full and equal use of the Website and consequently, prevent and/or deter his full and equal use of Little Caesars' brick and mortar pizzeria locations, including the El Cajon Pizzeria. Plaintiff intends to seek removal of all such barriers through this litigation. *See* Doran v. 7-Eleven (9th Cir. 2008) 524 F.3d 1034 (holding that once a plaintiff encounters one barrier, they can sue to have all barriers that relate to their disability removed regardless of whether they personally encountered the barrier). Plaintiff will amend his complaint, to provide further notice regarding the scope of the additional demanded remediation in the event additional barriers are uncovered through discovery. However, please be on notice that Plaintiff seeks to have all accessibility barriers to the Website related to his disability remedied via this action.

37.     Defendants have failed to design, construct, maintain and operate the Website in a manner accessible to blind and visually impaired individuals including Plaintiff.

38.     By failing to design, construct, maintain and operate the Website in a manner accessible to blind and visually impaired individuals, Defendants have denied Plaintiff full and equal access to the information contained on the Website.

39.     By failing to design, construct, maintain and operate the Website in a manner accessible to blind and visually impaired individuals, Defendants have denied Plaintiff full and equal access to the goods, services, facilities, privileges, advantages, or accommodations offered at Little Caesars' brick and mortar pizzeria locations, including the El Cajon Pizzeria.

40. If the Website were accessible, Plaintiff would be able to independently and privately investigate and consume Defendants' goods, services, facilities, privileges, advantages, and accommodations, as sighted individuals can and do.

41. There are well-established industry-adopted guidelines for making websites accessible to visually-impaired people who require and use SRS programs. The Web Accessibility Initiative of the World Wide Web Consortium ("W3C"), a private organization that develops website standards, publishes Web Content Accessibility Guidelines ("WCAG"). *See,* Web Accessibility Initiative, Web Content Accessibility Guidelines (WCAG) Overview, https://www.w3.org/WAI/standards-guidelines/wcag (last visited February 22, 2021). WCAG is the legal standard for federal agency websites under Section 508 of the Rehabilitation Act and has been referenced in a number of Department of Justice ("DOJ") settlements and court rulings, particularly in California.

42. These existing accessibility guidelines for blind and visually impaired persons are organized around the principle that anyone who wants to use the web must have content that is: perceivable, operable, understandable and robust. They therefore recommend several basic components for making websites accessible including, but not limited to adding alternative text to all images and graphics; ensuring that all functions can be performed without use of a mouse; using headers to structure content and make it easier for SRS to interpret pages; and designing and labeling fillable forms for accessibility. Without these very basic components, a website will be inaccessible to a blind or visually-impaired person using SRS, such as Plaintiff.

43. The Defendants' Website is not accessible to Plaintiff and other visually impaired persons. This is evidenced not only by Plaintiff's

experience and the investigation into Plaintiff's experience, but also by the fact that the Website does not comply with industry standard guidelines for making websites accessible to people who are blind or have visual-impairments and use SRS to access the internet and consume web content.

44. The Website does not comply with WCAG standards in that, as described above, it fails to provide alt text for non-text content (WCAG 2.0 AA 1.1.1); fails to ensure the accessibility of all content (WCAG 2.0AA 2.1.1) and its user interface components fail to include programmatic information that is compatible with assistive technologies (WCAG 2.0 AA 4.1.2). These failures prevent Plaintiff and other blind and visual impaired persons from gleaning even the most basic of information from the Website and hinder their ability to independently and privately purchase food and other items from Little Caesars. Although WCAG standards are not privately enforceable at this time, a website's non-compliance with WCAG standards has been repeatedly recognized as informative as to whether the website violates state and federal anti-discrimination statutes including the Unruh Act and the ADA as alleged herein.

45. It is readily achievable for Defendants to remove the above-described accessibility barriers to the Website and maintain the Website in an accessible manner to blind and visually impaired persons. It is currently commonplace for businesses to implement industry standard guidelines and design, construct, maintain and operate websites that are accessible to blind and visually impaired individuals.

46. It would not be an undue burden for Defendants to design, construct, maintain and operate the Website in a manner that is accessible to blind and visually impaired individuals.

47. Designing, constructing, maintaining and operating the Website in a manner that is accessible to blind and visually impaired individuals

Complaint

would not fundamentally alter the nature of Defendants' goods, services, facilities, privileges, advantages, or accommodations.

48.  The design of the Website was intentional. On information and belief, it was and is the Defendants' choice, policy and practice not to comply with industry standards when designing, constructing, maintaining and operating the Website. Little Caesars is not a "mom and pop" or "new on the scene" business. Rather, it is an extremely successful chain of pizzerias that has been in operation in the United States and internationally for decades.

49.  Defendants' failure to design, construct, maintain and operate the Website in a manner accessible to blind and visually impaired individuals has caused Plaintiff to experience difficulty, discomfort, frustration and embarrassment.

50.  Plaintiff has been deterred from returning to the Website and from patronizing Little Caesars' brick and mortar pizzeria locations, including the l Cajon Pizzeria as a result of his above-described experience and knowledge of the Website's ongoing accessibility barriers.

51.  Plaintiff plans to return to the Website to, among other things, obtain information about the location and open/closed status of Little Caesars' brick and mortar locations (including the El Cajon Pizzeria), peruse Little Caesars' menu, create a customer account, place food and drink orders for delivery and pickup and avail himself of discounts and specials. Plaintiff will be unable to gather such information and complete such tasks unless and until the above-described accessibility barriers to the Website are remediated.

52.  Additionally, because Plaintiff seeks Defendants' future compliance with all federal and state accessibility laws through this litigation, he plans to return to the Website to test such compliance once it is

represented to him that the Website is accessible.

53. An actual controversy has arisen and now exists between the parties concerning their respective rights, duties and obligations under state and federal law. Accordingly, Plaintiff is entitled to declaratory relief.

54. The nature of Defendants' discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury to Plaintiff. Plaintiff has no adequate remedy at law because monetary damages, which may compensate for past unlawful conduct, will not afford adequate relief for the harm caused by the continuation of the wrongful conduct of Defendants and the denial of his rights as herein alleged. Accordingly, Plaintiff is entitled to injunctive relief.

## CLAIMS FOR RELIEF
### First Cause of Action
### Title III of the Americans with Disabilities Act
### 42 U.S.C. §12181 et seq.

55. Plaintiffs re-plead and incorporate by reference the allegations contained in each of the foregoing paragraphs.

56. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of specified public transportation services provided by a private entity that is primarily engaged in the business of transporting people and whose operations affect commerce." 42 U.S.C. § 12184(a).

57. Plaintiff is, and at all times relevant herein was, a person with a "disability" as defined under the ADA and its implementing regulations. 42 U.S.C. § 12102; 28 C.F.R. § 36.104.

58. Little Caesars' brick and mortar pizzeria locations, including the El Cajon Pizzeria are places of public accommodation within the meaning of

Complaint

Title III. 42 U.S.C. § 12181(7)(B)("a restaurant, ..., or other establishment serving food or drink" is a place of public accommodation).

59. There is a nexus between the Website and Little Caesars' brick and mortar pizzeria locations, including the El Cajon Pizzeria. The Website is heavily integrated with Little Caesars' physical locations and connects members of the public to the goods and services of those locations through the provision of necessary and important information (e.g. information about the location and open/closed status of Little Caesars' brick and mortar locations; about the Little Caesars' menu and the nutritional value of the same; about how to place food and drink orders; and about specials and discounts), as well as the ability to privately and independently create a customer account, place food and drink orders for delivery and pickup, and purchase gift cards and other merchandise.

60. By failing to design, construct, maintain and operate the Website in a manner accessible to blind and visually impaired individuals including Plaintiff as alleged herein, Defendants have discriminated against Plaintiff on the basis of his disability in violation of Title III of the ADA. Defendant's discriminatory conduct includes, <u>inter alia</u>:

    e. Directly, or through contractual, licensing, or other arrangements, excluding or denying Plaintiff their goods, services, facilities, privileges, advantages, accommodations, and/or opportunities, on the basis of his disability. 42 U.S.C. § 12182(b)(1)(A)(i), 28 C.F.R. § 36.202(a);

    f. Providing Plaintiff goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals. 42 U.S.C. § 12182(b)(1)(A)(ii), 28 C.F.R. § 36.202(b);

    g. Failing to make reasonable modifications in policies, practices,

or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to Plaintiff, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(b)(2)(A)(ii), 28 C.F.R. § 36.302(a);

h. Failing to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden." 42 U.S.C. § 12182(b)(2)(A)(iii), 28 C.F.R. § 36.303(a);

i. Failure to remove communication barriers that are structural in nature, where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv), 28 C.F.R. § 36.304(a);

61. Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. § 12188 and 42 U.S.C. § 12205, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION
## Unruh Civil Rights Act
## California Civil Code § 51 et seq.

62. Plaintiff re-pleads the allegations contained in each of the foregoing paragraphs and incorporates them herein as if separately re-pled.

Complaint

63.     The Unruh Act guarantees, <u>inter alia</u>, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code § 51(b).

64.     The Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code § 51(f).

65.     Plaintiff is, and at all times relevant herein was, a person with a disability under California law. Cal. Gov. Code § 12926.

66.     Little Caesars pizzerias are business establishments and, as such, must be operated by Defendants in compliance with the provisions of the Unruh Civil Rights Act, Cal. Civ. Code § 51 <u>et seq</u>.

67.     Defendants have violated the Unruh Act by failing to design, construct, maintain and operate the Website in a manner accessible to blind and visually impaired individuals including Plaintiff, thereby denying Plaintiff and other blind and visually impaired persons necessary and important information about Little Caesars' pizzerias and the ability to purchase food, drink and other items sold at Little Caesars' brick and mortar locations, including the El Cajon location. This inaccessibility denies blind and visually-impaired persons including Plaintiff full and equal access to the facilities, goods, and services that Defendants make available to the non-disabled public.

68.     Defendants have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiff's right to equal access arising from the provisions of the ADA.

69.     Defendants' duties under the Unruh Act are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties was

willful and knowing and/or the product of deliberate indifference. Defendant has constructed a website that is inaccessible to Plaintiff, maintains the website in an inaccessible form, and has failed to take any actions to correct these barriers.

70. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiff prays for judgment as set forth below.

## PRAYER

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Issue a declaratory judgment in Plaintiff's favor that Defendants are in violation of the requirements of Title III of the ADA 42 U.S.C. § 12181 et seq., the relevant implementing regulations of the ADA, and the Unruh Act for their failure to design, construct, maintain and operate the Website in a manner accessible to blind and visually impaired individuals including Plaintiff;
2. Issue a preliminary and permanent injunction pursuant to the ADA and Unruh Act ordering Defendants to take the steps necessary to design, construct, maintain and operate the Website in a manner accessible to blind and visually impaired individuals including Plaintiff;
3. Award Plaintiff statutory minimum damages of $4,000 per violation pursuant to § 52(a) of the California Civil Code;
4. Award Plaintiff attorneys' fees, litigation expenses and costs of suit pursuant to all applicable laws including, without limitation, California Civil Code § 52(a), California Code of Civil Procedure § 1021.5 and 42 U.S.C. § 12188(a)(1); and

Complaint

5. Award such other and further relief as the Court may deem just and proper.

Dated: March 1, 2021

By: *Michelle Uzeta*
Michelle Uzeta, Esq.
Attorneys for Plaintiff

17

Complaint